

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2033 | **DATE** | 2/11/2003 |
| **CASE TITLE** | Garcia vs. Ziglar | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of plaintiff Garcia for summary judgment [5-1] is denied, and motion of defendant Ziglar for summary judgment [9-1] is granted. Judgment is entered in favor of defendant Ziglar.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **2** number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | FEB 1 2 2003 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| ✓ | Mail AO 450 form. Mailed by MD. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | 03 FEB 11 PM 4:58 | 2/11/2003 date mailed notice |
| MD courtroom deputy's initials | | Date/time received in central Clerk's Office | MD mailing deputy initials |

Document Number: 12

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA CLARA GARCIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES W. ZIGLAR, Commissioner of the ) <br> Immigration and Naturalization Service, ) <br> ) <br> Defendant. ) <br> ) | No. 02 C 2033 <br> Judge Joan H. Lefkow <br><br> **DOCKETED** <br> FEB 1 2 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Maria Clara Garcia ("Garcia") brings suit against defendant, James W. Ziglar ("Ziglar"), Commissioner of the Immigration and Naturalization Service ("INS"), alleging that an INS decision denying Garcia a non-immigrant employment visa was arbitrary, capricious and an abuse of discretion. Before the court are cross-motions for summary judgment. For the reasons set forth below, Garcia's motion is denied and Ziglar's motion is granted.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of

material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On cross-motions for summary judgment, the court must consider the merits of each motion and assess the burden of proof that each party would bear on an issue at trial. *Santaella* v. *Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

## BACKGROUND

Garcia is a native and citizen of Columbia[1] who was admitted to the United States as a student. After Garcia obtained an undergraduate degree in fashion design from Columbia College Chicago, the Heyman Corporation ("Heyman"), a manufacturer of children's clothing, wished to employ Garcia as a fashion designer. Heyman then applied for a non-immigrant employment visa for Garcia on the grounds that a fashion designer is a specialty occupation.

Heyman's petition was denied at the INS Nebraska Service Center. (C.R. 29.) Heyman

---

[1] In his brief in response to Garcia's motion for summary judgment and in support of his motion for summary judgment, Ziglar states that Garcia is a native and citizen of India. The Certified Record provided to the court illustrates that Garcia is a native and citizen of Columbia. The court assumes that the Certification materials are correct.

appealed this decision to the Office of Administrative Appeals, which denied the visa petition on grounds that Heyman had failed to meet its burden of establishing that fashion design is a specialty occupation. According to the Office of Administrative Appeals, Heyman had failed to demonstrate that it required a bachelor's degree or higher as a job requirement, had not established that such a requirement was standard in the industry, and had not demonstrated that the particular position or specific duties were sufficiently complicated or complex that a bachelor's degree or higher was required. (C.R. 38-42.)

## STANDARD OF REVIEW

Because the court reviews an INS interpretation of the Immigration and Nationality Act ("INA"), the INS decision "is entitled to deference and should be accepted unless demonstrably irrational or clearly contrary to the plain meaning of the statute." *Occidential Eng'g* v. *INS*, 753 F.2d 766, 768 (9th Cir. 1985). The court's review in this case is limited to the determination of whether the INS's denial of Garcia's visa petition constituted an abuse of discretion. *Grimson* v. *INS*, 934 F. Supp. 965, 967 (N.D. Ill. 1996). The test for abuse of discretion in an immigration case is that "[t]he decision must be upheld unless it was made without a rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group." *Id.*, citing *Bal* v. *Moyer*, 883 F.2d 45, 47 (7th Cir. 1989). Factual findings underlying an exercise of discretion must be supported by substantial evidence. *Patel* v. *INS*, 811 F.2d 377, 382 & n.11 (7th Cir. 1987).

## DISCUSSION

Under the INA, an alien may obtain a H-1B visa for temporary admission to the United States to "perform services . . . in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H)(i)(b). To

3

qualify for the visa, "an alien must satisfy a two-prong test: (1) the position that the alien seeks to occupy must qualify as a 'specialty occupation'; and (2) the alien must [himself] be qualified to perform services in that occupation."[2] *Tapis Int'l* v. *INS*, 94 F. Supp. 2d 172, 174 (D. Mass. 2000), quoting *Shanti Inc.* v. *Reno*, 36 F. Supp. 2d 1151, 1153 (D. Minn. 1999).

A specialty occupation is an occupation that requires theoretical and practical application of a body of highly specialized knowledge and "attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation . . . ." 8 U.S.C. § 1184(i)(1). INS regulations further define a "specialty occupation" as

> . . . an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainments of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.

8 C.F.R. § 214.2(h)(4)(ii).

To qualify as a specialty occupation, INS regulations require that a position meet one of the following criteria,

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
> (3) The employer normally requires a degree or its equivalent for the position; or
> (4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

---

[2] Ziglar does not dispute that Garcia is qualified to perform services in the occupation of fashion design.

4

8 C.F.R. § 214.2(h)(4)(iii)(A). An application for a speciality occupation must be accompanied by "documentation, certifications, affidavits, declarations, degrees, diplomas, writings, reviews, or any other required evidence sufficient to establish that the beneficiary is qualified to perform services in a specialty occupation . . . ." 8 C.F.R. § 214.2(h)(4)(iv).

Garcia relies on part (3) of the above INS standards, arguing that Heyman illustrated that it "normally requires a degree or its equivalent for the position." Garcia points out that Heyman provided the INS a letter stating

> In today's fashion industry, a bachelor's degree has become the minimum entry requirement for the field. We have hired many designers over the past 5 years, and all of them hold at least a bachelor's degree in fashion design or a related field, or have many years of experience in the field.

(C.R. 10.)

Moreover, in its response to an INS request for evidence, Heyman further stated that it

> does not list educational requirements in its fashion design announcements because we do not want to preclude individuals with relevant experience, but no degree. Nevertheless, all of our recent hires as entry-level fashion designers have design degrees. We do most of our recruiting through the design schools. Attached to this letter are the names and degrees of the last four people hired for the position. If an individual applied for the position without a degree, but with several years of experience, we would certainly consider the qualifications of such person. If the work experience was relevant to the skills learned through a degree in fashion design, we would consider that person for hiring.

(C. R. 25.) The attachment Heyman included listed four recent hires: two with degrees in Fashion Design, one with a degree in Apparel Design, and one with a degree in Environmental Textile and Apparel Design. (C.R. 26.)

The INS Administrative Appeals Unit analyzed Heyman's claim and found,

> The petitioner has not shown that it has, in the past, <u>required</u> the services of individuals with baccalaureate or higher degrees <u>in a specialized area</u> for the

5

> proffered position.
>
> The petitioner has not provided a list of its designers and their degrees. In addition, the petitioner has not provided a definition of the term "relevant evidence."

(C.R. 41) (emphasis in original).

Garcia claims that the INS abused its discretion because the record shows that Heyman stated that it had hired many designers over the past 5 years and that "all of them hold at least a bachelor's degree in fashion design or a related field, or have many years of experience in the field." (C.R. 10.) In addition, Garcia claims that Heyman did provide a list of its last four hires, all of whom held degrees in fashion design or related fields. (C.R. 26.) Finally, Garcia claims that Heyman did define the term "relevant experience" when it stated that "Heyman Corporation does not list educational requirements in its fashion design announcements because we do not want to preclude individuals with relevant experience, but no degree." (C.R. 25.) Garcia maintains that Heyman clearly stated that relevant experience meant "work experience that was relevant to the skills learned through a degree in fashion design . . . ." (*Id.*)

Ziglar responds that the INS was correct in its finding that Heyman did not require the services of an individual with a baccalaureate or higher degrees in a specialized area for the proffered position because Garcia has done nothing to establish that Heyman required an undergraduate degree or its functional equivalent as a job requirement. Ziglar points out that Heyman said that it "does not list educational requirements in its fashion designer job announcements because we do not want to preclude individuals with relevant experience, but no degree, from applying for a position." Moreover, Ziglar argues that the INS was correct in its assertion that no definition of relevant experience is presented in the evidence.

After reviewing the evidence and bearing in mind the deferential standard of review, the court concludes that the INS decision was not an abuse of discretion. The INS determined that Heyman did not establish that in the past a baccalaureate degree was required. Heyman, while claiming that all of its hires in the last five years have held bachelor's degrees, followed this up with evidence of its last five hires. If this were a de novo review of the INS decision, the court may have found this evidence enough to show that a bachelor's degree is normally required at Heyman. On an abuse of discretion standard, however, the court cannot say that the evidence of the last five hires is enough. The INS may have justifiably believed that this evidence did not establish that a bachelor's degree is normally required. The INS seemed to say as much when they noted that Heyman "has not provided a list of its designers and their degree," suggesting that the last five hires were an insufficient sampling to sway the Administrative Appeals Unit.

Moreover, the INS also found that the term "relevant experience" had not been sufficiently defined by Heyman. While Garcia does argue that the term was defined by Heyman's statement "If the work experience was relevant to the skills learned through a degree in fashion design, we would consider that person for hiring," the court does not believe that the INS abused its discretion in finding this definition lacking. Heyman's definition does not actually define what type of work experience would be relevant, other than "skills learned through a degree in fashion design." Heyman attempted to define relevant experience by saying experience that is relevant to them in the fashion design industry. The INS did not abuse its discretion by concluding that this definition was insufficient because it did not actually point to the types of experience that Heyman found relevant. As such, the court concludes that the INS decision was not an abuse of discretion.

7

## CONCLUSION

For the reasons stated above, Garcia's motion for summary judgment is denied [#5] while Ziglar's motion for summary judgment is granted [#9]. The clerk is instructed to enter judgment in favor of Ziglar. This case is terminated.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 11, 2003